[No. 2987.   Aug. 27, 1926.]

## ROEHL v. ANDERSON.

[249 Pac. 1010.]

### SYLLABUS BY THE COURT

1. Parol evidence rule not properly invoked, where the writing relied on did not embody the contract.

2. The jury having been instructed properly as to preponderance of evidence, not error to refuse to instruct that evenly balanced evidence necessitates verdict for defendant.

Appeal from District Court, Bernalillo County; Hickey, Judge.

---

[1] 22CJ p. 1098 n. 96; p. 1283 n. 91; p. 1292 n. 71; p. 1293 n. 72.   [2] 23CJ p. 12 n. 36; 38 Cyc p. 1711 n. 19.

Rohel v. Anderson, 31 N. M. 616

Action by H. Charles Roehl against Mrs. Emma J. Anderson. From a judgment for plaintiff, .defendant appeals. Affirmed and remanded.

Downer & Keleher, of Albuquerque, for appellant.

Simms & Botts, of Albuquerque, for appellee.

## OPINION OF THE COURT

WATSON, J. [1] Roehl sued Mrs. Anderson, alleging that he was a real estate broker; that Mrs. Anderson was the owner of property which she wished to sell; that he had a prospective purchaser (H. A. Maisen) therefor, of which fact he advised her; that Mrs. Anderson thereupon delivered to Roehl an offer of said premises, which was as follows:

"Albuquerque, N. M., June 7, 1923.
"Received of H. A. Maisen five hundred dollars to apply on purchase price of So. west corner of 2nd & Silver. Total consideration to be $16,750, and to include————.

"Balance to be paid as folows, to wit: $6,250 in cash upon completion of papers; balance motgage of $10,000 at 7 per cent, for 1 year.

"Abstract of title to be furnished and to show property of good merchantable title and free from incumbrance except paving lien of $469.

"All taxes to be paid up to and including date of sale. Rents, interest and insurance to be pro rated to date of sale.

"Sale made subject to approval and acceptance of owner.

"By Mrs. Emma J. Anderson."

At the time of the execution and delivery of the so-called offer, Roehl gave Mrs. Anderson his check for $500, which he claimed was done with the express understanding that, if Maisen should accept the offer and enter into the contract, the $500 should stand as the payment expressed in said offer; that otherwise it should be returned to him; and that, pending the negotiation with Maisen ,the check should not be cashed. It was further alleged that Maisen refused to accept the offer or to enter into the contract, notwithstanding which Mrs. Anderson cashed the check and refused

to return the money. The answer denied the conditional delivery of the check, and the parties went to trial before a jury. Judgment was for the plaintiff for $500, from which defendant has perfected this appeal.

Evidence on the part of the plaintiff of the delivery of the check on the conditions alleged in the complaint was objected to as violative of the parol evidence rule. The overruling of those objections is the first contention of error.

Appellant's brief in chief is devoted to the proposition that it was incompetent to show by parol that the obligation of the check duly executed and delivered, was to cease upon the happening of a condition subsequent. Appellee replies that this is not a suit upon, or to annul, a check, but one to recover for money had and received, and that the check is of no importance in the case except as the means and evidence of payment of the money he seeks to recover. It strikes us that appellee is right in this, and that the cause stands exactly as if the payment had been made in money. At any rate, appellant does not, in her reply brief, attack this position. She therein urges that the effect of receiving the evidence was to contradict or vary the so-called offer above set forth.

In setting forth our conclusion with respect to this contention, it may be conceded that, if the parties had seen fit to set forth the transaction between them, and to express their agreement, in a written instrument, it would not have been competent for them to contradict or vary, by parol, the terms therein expressed. Does the instrument relied upon embody the contract between the parties to this litigation? Jones says:

"It is a principle to which we shall frequently have occasion to allude that 'in order to exclude oral evidence of a contract, it must be first established that there is a subsisting written contract between the parties; and where the immediate issue is whether there is or was a writing covering the contract, it is not competent to exclude oral testimony bearing on that issue upon an assumption of such writing. To do so is to beg the question'." 3 Jones Commentaries on Evidence, § 434.

It may be generally stated, also as a fundamental proposition, that the parol evidence rule applies only to the immediate parties to the written instrument, and not to strangers. 3 Jones Commentaries on Evidence, § 449; 4 Wigmore on Evidence, § 2446. Considering only the face of the instrument in question, appellee is a stranger thereto. It does not purport to concern him in any way. It is appellant's version of the transaction that the check was delivered without any condition as to its cashing or return; that appellee was so certain that he could consummate the sale of the property that he was willing to advance the $500 on the purchase price; and that by the transaction he became, in legal effect, possessed of an option on the property. This theory of the transaction rests, however, not upon the writing, but upon evidence of extrinsic facts. According to neither theory of the transaction can it be said that the agreement between the parties to this litigation is embodied, or was intended to be embodied, in the writing relied upon. It seems to us, therefore, that there was no basis for invoking the parol evidence rule, and that the court did not err in admitting the evidence.

[2] The court gave the usual instructions: That the burden rested upon the plaintiff to prove his claim by preponderance of the evidence; that, to warrant a finding in plaintiff's favor, the evidence on the part of the plaintiff must outweigh, to some extent, that on the part of the defendant; and that, if plaintiff failed to establish the material facts by a preponderance of the evidence, the verdict must be for the defendant. Yet appellant assigns error upon the court's refusal to give instructions requested by her to the effect that, if the jury should find the evidence evenly balanced, they should find for the defendant.

It is not doubted that in a civil case, where the evidence is evenly balanced, the defendant should prevail. But such proposition is necessarily implied in the court's plain instruction to the jury, that the verdict

should be for the defendant, unless there was a preponderance of evidence in favor of the plaintiff. It was laid down to the jury that it might find for the plaintiff only under one condition, namely, upon the condition that the evidence in favor of the plaintiff outweighed, in its judgment, that in favor of the defendant. Any other situation than this necessitated, under the instructions, a verdict for the defendant. So, under the instructions, evenly. balanced evidence required a verdict for the defendant. It is not error to refuse an instruction, though correctly stating the law, if the substance thereof is included in the instructions given. This rule is too firmly established in this state, and too well known, to require citation. We have examined the numerous authorities. cited by appellant, and have found nothing to shake our confidence in the correctness of these propositions.

Having found no error in the record, we affirm the judgment and remand .the cause, and it is so ordered.

PARKER, C. J., and BICKLEY, J., concur.